UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC et al.

Plaintiffs,

Civil Action 12-1158 (BAH)

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.

Defendants

# MOTION TO DISMISS

Defendants respectfully move to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12 (b)(1) for lack of subject matter jurisdiction. This motion is accompanied by a memorandum of points of authorities and proposed order.

Respectfully submitted,

RONALD C. MACHEN Jr., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Civil Chief

By: /s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970
Fax: 202/514/8780

OF COUNSEL
Paul M. Geier, Assistant General Counsel for Litigation
Joy K. Park, Trial Attorney
U.S. Department of Transportation

Charles J. Fromm, Deputy Chief Counsel

Fred K. Ford, Assistant Chief Counsel, Enforcement & Litigation
Debra S. Straus, Attorney Advisor
Federal Motor Carrier Safety Administration
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC et al.

Plaintiffs, Civil Action 12-1158 ((BAH)

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.

Defendants

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Defendants respectfully submit this memorandum of points and authorities in support of their motion to dismiss for lack of subject matter jurisdiction.

BACKGROUND

The Federal Motor Carrier Safety Administration ("FMCSA") is an agency within the Department of Transportation ("DOT"). FMCSA operates and maintains a database known as the Motor Carrier Management Information System ("MCMIS") which contains information relating to the safety records of commercial truck drivers and motor carriers including crash, inspection, and compliance review and enforcement information. (Complaint ¶¶ 1, 26-27). Pursuant to 49 U.S.C. § 31150(a)(1)-(3) certain information maintained in the MCMIS database may be provided to persons conducting pre-employment screening services for motor carriers under a program known as the Pre-Employment Screening Program ("PSP"). The information which may be provided is (1) commercial vehicle accident reports; (2) inspection reports that contain no driver-related safety violations; and (3) serious driver-related safety violation reports.

(Complaint ¶ 28). The statute sets forth the following conditions for providing access to information in the database:

> (b) Conditions on providing access.--Before providing a person access to the Motor Carrier Management Information System under subsection (a), the Secretary shall--
>
> (1) ensure that any information that is released to such person will be in accordance with the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.) and all other applicable Federal law;
>
> (2) ensure that such person will not conduct a screening without the operator-applicant's written consent;
>
> (3) ensure that any information that is released to such person will not be released to any person or entity, other than the motor carrier requesting the screening services or the operator-applicant, unless expressly authorized or required by law; and
>
> (4) provide a procedure for the operator-applicant to correct inaccurate information in the System in a timely manner

49 U.S.C.A. § 31150.

The plaintiffs in this matter are the Owner-Operator Independent Drivers Association, Inc. ("OOIDA") and four professional truck drivers who are members of OOIDA. (Complaint ¶¶ 15-20). Three of the Plaintiff Drivers -- Kelley, Lohmeier and Mowrer -- allege that they were each issued a citation by a state enforcement official, successfully challenged the citations, and were found not-guilty of the violations. (Complaint ¶ 4). The three Plaintiff Drivers, either independently or through OOIDA, allege that they then sought to remove reference to the alleged violations from the MCMIS database, and Defendants refused to remove the alleged violations from the database and continue to make the allegedly inaccurate records available to prospective employers through the PSP. (Complaint ¶¶ 5-7, 64, 78, 95). The fourth driver, Plaintiff Moody, was issued two citations pursuant to an inspection which he was litigating at the local level as of

the filing of the complaint. (Complaint ¶¶ 103-107). He contends that neither of the two violations has been designated as a "serious driver-related violation" within the meaning of 49 U.S.C. § 31150(d)[1], and therefore they are not properly made available under the pre-employment screening program. (Complaint ¶109-113).

On July 8, 2011, the OOIDA President wrote to the FMCSA Administrator requesting that the inspection reports challenged by the first three Plaintiff Drivers be removed from all FMCSA databases. (Complaint ¶ 114). On November 18, 2011, he sent a followup letter to the FMCSA Administrator. (Complaint ¶ 115). By letter dated February 17, 2012, the Administrator replied that she had forwarded the three challenges to the FMCSA Division Administrators in the respective states for review. *Id* ¶ 116. By letter dated May 29, 2012, the Administrator advised that the Division Administrators had reviewed the challenges of the three drivers and refused to remove the reported violations from the MCMIS database. *Id*. ¶ 117. Plaintiff alleges that the Administrator's letter of May 29, 2012 "constitutes Final Agency Action with respect to Kelley, Lohmeier and Mowrer's DataQs challenges." *Id*. ¶ 118.

Plaintiffs claim that the actions of the Defendants are in violation of the Administrative Procedure Act, Fair Credit Reporting Act ("FCRA"), and Privacy Act as summarized below:

> Count 1: Defendants' refusal to delete the violations after dismissal of the charges and finding of not guilty is actionable under the Administrative Procedure Act. (Complaint ¶¶ 119-125.)
>
> Count 2: Defendants' release of violations that are not serious driver related safety violation reports is actionable under the Administrative Procedure Act. (Complaint ¶¶ 126-137).

[1] See 49 U.S.C. § 31150(d) ( "In this section, the term 'serious driver-related violation' means a violation by an operator of a commercial motor vehicle that the Secretary determines will result in the operator being prohibited from continuing to operate a commercial motor vehicle until the violation is corrected.").

> Count 3: Defendants' release of inspection reports that do not identify serious driver-related violation and/or do not distinguish between allegations of violation of law from judicial determinations of actual violations violate the standards for accuracy established in 49 U.S.C. § 31150(b)(1) and is in violation of the Administrative Procedure Act. (Complaint ¶¶138-148).
>
> Count 4: Defendants' unauthorized delegation to the States of the responsibility to keep accurate and complete inspection reports is in violation of the Administrative Procedure Act. (Complaint ¶¶ 138-159).
>
> Count 5: Defendants' improper delegation to the States, dissemination of inaccurate and incomplete information, and refusal to remove inaccurate information from the MCMIS system is a willful violation of the Fair Credit Reporting Act. (Complaint ¶¶ 160-173).
>
> Count 6: Defendants' failure to use reasonable efforts to assure the MCMIS records were accurate and complete, failure to remove records of violations which were dismissed or in which a not guilty verdict was entered, inclusion of violations that do not satisfy the definition of "serious driver related violation," and failure to provide a mechanism to report and capture driver critiques of their MCMIS records violate the Privacy Act. (Complaint ¶¶174-190).

Plaintiffs seek a declaratory judgment holding that providing access to the above described inspection reports violated the drivers' rights under 49 U.S.C. §31150, 31106, the FCRA and the Privacy Act, and violated or exceeded Defendants' statutory authority. (Prayer for Relief ¶¶ A-G). They also request that the inspection reports be purged from the MCMIS database, that Defendants be enjoined from disseminating records of driver violations without also disclosing driver disputes of the records, and monetary damages under the Privacy Act and FCRA. (*Id*. ¶¶ H-N).

As is discussed in detail below, the District Court does not have subject matter jurisdiction over Plaintiffs' claims. Pursuant to 28 U.S.C. § 2342(3)(A), the court of appeals "has exclusive jurisdiction to enjoin, set aside, suspend . . .or to determine the validity of . . . (3) all rules, regulations and final orders of [] the Secretary of the Transportation issued pursuant to . . . subchapter III of chapter 311 of title 49 [i.e. 49 U.S. C. §§ 31131- 31151].

ARGUMENT

**1. Standard Of Review For Motions To Dismiss For Lack Of Jurisdiction**

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) "presents a threshold challenge to the court's jurisdiction...." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir.1987); *see also Grand Lodge Fraternal Order of Police v. Ashcroft*, 185 F. Supp.2d 9, 13 (D.D.C. 2001) (noting a Rule 12(b)(1) motion imposes an affirmative obligation on the court to ensure it is acting within its jurisdictional authority). Specifically, the Court should dismiss a claim if the Court "lack[s] ... subject matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), it is presumed that a cause lies outside [a federal courts'] limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S 375, 377 (1994), and the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Moore v. Bush*, 535 F. Supp.2d 46, 47 (D.D.C. 2008). In deciding a motion to dismiss based upon lack of subject matter jurisdiction, a Court is not limited to the allegations set forth in the complaint, but "may consider materials outside the pleadings...." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). And when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court is required to accept as true all factual allegations contained in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

**2. The Court Of Appeals Has Exclusive Jurisdiction Over Plaintiffs' Claims**

Plaintiffs' claims, including those alleging Privacy Act and FCRA, 15 U.S.C. § 1681 et seq., violations, essentially challenge FMCSA's interpretation and application of the authority granted under 49 U.S.C. § 31150. Plaintiffs argue that FMCSA has misinterpreted and violated the requirements of section 31150 (Counts I & III). Plaintiffs challenge the scope of the Agency's authority to release other driver information under section 31150 (Count II) and allege

that the Agency has improperly delegated responsibilities under section 31150 to State agencies (Count IV). Plaintiffs allege that FMCSA has not complied with FCRA requirements, as imposed under § 31150(b)(1) (Count V). Lastly, Plaintiffs allege that FMCSA has violated the Privacy Act, asserting a factual predicate that is identical in all respects to its section 31150 challenges in the other five counts of the complaint.

Title 28 U.S.C. § 2342 (known as the Hobbs Act) provides exclusive jurisdiction in the court of appeals over actions that seek to enjoin, set aside, suspend, or determine the validity of DOT rules, regulations or final orders issued pursuant to subchapter III of chapter 311. Section 31150 falls squarely within subchapter III of chapter 311 and the jurisdictional scope of 28 U.S.C. § 2342. Plaintiffs seek to enjoin and set aside FMCSA's actions in the PSP program established pursuant to section 31150 and further seek declaratory relief regarding the scope of the Agency's authority under section 31150. Thus, when plaintiffs seek review of final agency action, as Plaintiffs claim in this case, the Hobbs Act vests exclusive jurisdiction in the court of appeals. *Daniels*, 530 F.3d at 941. *See Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984)("TRAC")("[W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals.").

To the extent Plaintiffs claim that the Defendants' actions are in violation of the Administrative Procedure Act (Counts I-IV), the Administrative Procedure Act does not vest any jurisdiction in the District Court for such claims. *TRAC v. F.C.C.*, 750 F.2d at 76-77(". . .the APA unquestionably does not confer an independent grant of jurisdiction") (*citing Califano v. Sanders*, 430 U.S. 99, 107(1977)); *Vietnam Veterans of America v. Shinseki*, 599 F.3d 654, 661 (D.C. Cir. 2010) ("We think the proposition that the review provisions of the APA are not

jurisdictional is now firmly established;")(noting that *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) stated that statutes should be treated as nonjurisdictional unless Congress clearly indicates otherwise).

Plaintiffs may contend that their Privacy Act and FCRA claims fall outside the jurisdictional scope of the Hobbs Act. But where a plaintiff seeks to obtain relief by challenging an interpretation or application of the Agency's regulations or statutory authority, he cannot circumvent Hobbs Act appellate court jurisdiction by indirectly seeking review in district court. The *Daniels* court advised :

> to obtain the relief sought, the plaintiffs must challenge the [Federal Railroad Administration's] interpretation of its regulations as well as Union Pacific's application of the regulations. Otherwise, the plaintiffs are circumventing review of the FRA's regulations in this Court (provided for by the Congress under the Hobbs Act) by instead indirectly-in Count I-seeking review of the regulations in district court. *See Bright v. Lehman*, 725 F.2d 788, 790 (D.C.Cir.1984) ("We will not allow appellant to circumvent [an] appeals procedure defined by Congress simply by casting a [different] label on his claim.").

*Daniels*, 530 F.3d at 942-943. Here, plaintiffs may not circumvent appellate court jurisdiction simply by labeling their claims as arising under the FCRA and Privacy Act.

In accord with the *TRAC* line of cases, the D.C. Circuit Court of Appeals cautions against applying a narrow interpretation of jurisdictional statutes such as the Hobbs Act, stating that "exclusive jurisdiction promotes judicial economy and fairness to litigants" and "eliminates duplicative and potentially conflicting review . . ." *Daniels*, 530 F.3d at 943, fn.12 (*citing TRAC*, 750 F.2d at 78). Hobbs Act jurisdiction would not deprive Plaintiffs of their ability to seek the relief requested in their complaint. *Daniels*, 530 F.3d at 944. ("[T]he Hobbs Act does not deprive the plaintiffs of 'meaningful judicial review of their statutory and constitutional claims,' *McNary*, 498 U.S. at 494 . . . because they can seek such review-in the circuit court.").

Therefore, the Court of Appeals has exclusive jurisdiction over all of the claims in Plaintiffs' complaint.

**3. Plaintiffs fail to state a claim for which relief can be granted under the FCRA**

Pursuant to F. Rule 12 (b)(6), Plaintiffs' complaint fails to state a claim upon which relief can be granted under the FCRA. Plaintiffs incorrectly allege that FMCSA is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f), and contend that FMCSA failed to meet various requirements applicable to consumer reporting agencies. It is well-established, however, that the definition of "consumer reporting agency" in 15 U.S.C. § 1681a(f) does not include federal agencies. *See Ollestad v. Kelley*, 573 F.2d 1109, 1110-1111 (9th Cir. 1978).

Plaintiffs' claim, to the extent it would be judicially cognizable in any court, is more properly based in the language of 49 U.S.C. § 31150, which references the FCRA (and other Federal laws), as setting a standard for release of information under the program envisioned by the statute. Application of FCRA standards to the Pre-Employment Screening Program requires interpretation of the section 31150 statutory provisions, an issue that falls under the exclusive jurisdiction of the court of appeals, pursuant to the Hobbs Act.

CONCLUSION

Therefore, for the reasons set forth above, the District Court lacks subject matter jurisdiction over Plaintiff's claims, and the Complaint should be dismissed.

Respectfully submitted,

RONALD C. MACHEN Jr., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Civil Chief

By: /s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970
Fax: 202/514/8780

OF COUNSEL
Paul M. Geier, Assistant General Counsel for Litigation
Joy K. Park, Trial Attorney
U.S. Department of Transportation

Charles J. Fromm, Deputy Chief Counsel
Fred K. Ford, Assistant Chief Counsel, Enforcement & Litigation
Debra S. Straus, Attorney Advisor
Federal Motor Carrier Safety Administration
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590