UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., *et al.* | |
| Plaintiffs, | Civil Action No. 12-1158 (BAH) |
| v. | Consolidated with:<br>Civil Action No. 14-548 (BAH) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | Chief Judge Beryl A. Howell |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), which is an organization that represents professional truck drivers and small business trucking companies, and five of its individual members, who are commercial truck drivers, brought this lawsuit against the defendants, the United States Department of Transportation ("DOT"), Elaine Chao, in her official capacity as Secretary of the DOT ("Secretary"), the Federal Motor Carrier Safety Administration ("FMCSA"), and Raymond P. Martinez,[1] in his official capacity as Administrator of the FMCSA (collectively, "DOT" or "defendants"), in an effort to protect against the dissemination to potential employers of information in a federal database about state driving citations, which had been issued, and resolved favorably, to commercial truck drivers. This Court's prior dismissal of the plaintiffs' claims for lack of subject-matter jurisdiction, *OOIDA v. DOT*, 211 F. Supp. 3d 252 (D.D.C. 2016), was affirmed in part and reversed in part by

---

[1] During the pendency of this lawsuit, Elaine Chao succeeded Anthony Foxx as the DOT's Secretary and Raymond Martinez succeeded Anne S. Ferro as the FMCSA's Administrator. Thus, Ms. Chao is automatically substituted in place of Mr. Foxx and Mr. Martinez is automatically substituted in place of Ms. Ferro as named parties to this action. *See* FED. R. CIV. P. 25(d).

1

the D.C. Circuit, which held that two of the five driver-plaintiffs—Klint Mowrer and Fred Weaver—had "standing to seek damages," *OOIDA v. DOT*, 879 F.3d 339, 340 (D.C. Cir. 2018). The two remaining plaintiffs, Mowrer and Weaver, plus OOIDA, have moved, under Rule 15(a) of the Federal Rules of Civil Procedure and pursuant to this Court's March 26, 2018, Minute Order, for leave to file an amended complaint in light of the D.C. Circuit's ruling. Pls.' Mot. Amend Compl. ("Pls.' Mot"), ECF No. 84; *see* Pls.' Prop. Second Amend. Compl. ("Prop. SAC"), ECF No. 84-1.

The plaintiffs seek leave to amend their complaint "primarily to make it simpler by eliminating the particular parties dismissed" and whose dismissal was affirmed by the D.C. Circuit. Pls.' Reply Supp. Pls.' Mot. ("Pls.' Reply") at 1, ECF No. 87. The defendants oppose the proposed amended complaint as "violat[ing] the mandate rule and the principle of collateral estoppel," Defs.' Opp'n Pls.' Mot. ("Defs.' Opp'n") at 2, ECF No. 86, since the proposed pleading continues to include a party and claims, for whom and which the D.C. Circuit affirmed dismissal. Specifically, the proposed amended complaint names three plaintiffs—OOIDA, Mowrer, and Weaver—and adds a claim under the Privacy Act, 5 U.S.C. § 552a, *see* Prop. SAC ¶¶ 145–65 (Count V), to the plaintiffs' original claims for injunctive and declaratory relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, Pls.' First Amend. Compl. ("FAC") ¶¶ 144–79 (Counts I–IV), ECF No. 35; Prop. SAC ¶¶ 107–44 (Counts I–IV), and for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, FAC ¶¶ 180–93 (Count V); Prop. SAC ¶¶ 166–80 (Count VI), even though only damages claims are permitted to proceed.

For the reasons below, the plaintiffs' motion for leave to amend the complaint is denied without prejudice to seek leave to file an amended pleading in accordance with this Memorandum Opinion and Order.

## I. LEGAL STANDARD

"Leave to amend a complaint under Rule 15(a) 'shall be freely given when justice so requires,'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), but such leave may be denied for various reasons, including "futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962). Such futility may arise where an appeals court has affirmed dismissal of a party or claim, because under the mandate rule, this Court is bound by the holding of the D.C. Circuit. *See Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596–97 (D.C. Cir. 2001) ("Under the mandate rule, 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'") (quoting *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948)).

"The mandate rule is a 'more powerful version' of the law-of-the-case doctrine, which prevents courts from reconsidering issues that have already been decided in the same case." *Id.* at 597 (citations omitted); *see also United States v. Kpodi*, 888 F.3d 486, 491 (D.C. Cir. 2018). "Unlike the doctrine of *res judicata,* however, the 'law of the case' doctrine does not seek to sweep under its coverage all possible issues arising out of the facts of the case." *U.S. on Behalf of Dep't of Labor v. Ins. Co. of N. Am.*, 131 F.3d 1037, 1041 (D.C. Cir. 1997). "Rather, the scope of the 'law of the case' doctrine is limited to issues that were decided either explicitly or by necessary implication—'[t]he mere fact that [an issue] could have been decided is not sufficient to foreclose the issue on remand.'" *Id.* (quoting *Maggard v. O'Connell*, 703 F.2d 1284, 1289 (D.C. Cir. 1983)). "[I]t is entirely appropriate—and, in most cases in this circuit,

3

necessary—to consult the opinion to interpret the mandate." *Id.* at 1041 n.7; *see also United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 865 F.Supp.2d 1, 6 (D.D.C. 2011) ("When a district court is considering proceedings on remand, a circuit court's opinion 'may be consulted to ascertain what was intended by its mandate.'") (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)).

## II. DISCUSSION

The D.C. Circuit's opinion in this matter was straightforward. Noting that all five named plaintiffs and OOIDA sought "injunctive and declaratory relief under the Administrative Procedure Act, as well as damages under the FCRA," *OOIDA*, 879 F.3d at 341–42; *see also id.* at 346 ("In addition to damages, the drivers and their industry association seek prospective relief, including a declaration that the Department violated its statutory obligations and an injunction requiring it to purge the database of inaccurate information."), the Circuit remanded this case only "with respect to two drivers [Mowrer and Weaver] whose information was released to prospective employers because dissemination of inaccurate driver-safety data inflicts an injury sufficiently concrete to confer standing to seek damages," *id.* at 340; *see also id.* at 345 ("[W]e agree that the two drivers have suffered concrete harm, [and] we shall remand their damages claims to the district court."). In other words, taking into account the range of relief requested by the five drivers and OOIDA, the D.C. Circuit held that two drivers—Mowrer and Weaver—had standing to seek damages. The Circuit then remanded the case to this Court so that Mowrer and Weaver may pursue their claims for damages. Mandate, ECF No. 82.[2]

---

[2] The mandate from the D.C. Circuit in this case states: "This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. On consideration thereof, it is **ORDERED** and **ADJUDGED** that the judgment of the District Court appealed from in this cause is hereby affirmed in part, reversed in part, and the case is remanded for further proceedings, in accordance with the opinion of the court filed herein this date."

4

Accordingly, OOIDA, which purports to be "acting herein in a representative capacity seeking only declaratory and injunctive relief on behalf of its members," Prop. SAC ¶ 17, is no longer a party to this case. The plaintiffs contend that OOIIDA maintains representational standing and that this lawsuit is "germane to its purpose" of "protect[ing] its members' interests" against the "dissemination of inaccurate personal data." Pls.' Reply at 4–5. Even so, the D.C. Circuit remanded only Mowrer and Weaver's damages claims, and thus the mandate rule bars this Court from exercising subject-matter jurisdiction over OOIDA's claims.[3] Further, the D.C. Circuit's decision definitively resolved the question of whether the remaining plaintiffs in this matter may pursue the injunctive and declaratory relief they seek under the APA. *See* Prop. SAC ¶¶ 107–44; *id.* ¶¶ A–P (Prayer for Relief). They may not. *See generally OOIDA*, 879 F.3d 339.

The defendants push their argument too far, however, by suggesting that the plaintiffs are similarly barred by the mandate rule from pursuing damages under the Privacy Act. *See* Defs.' Opp'n at 6. The D.C. Circuit held that Mowrer and Weaver had "suffered concrete harm" because their inaccurate "safety records were released to prospective employers" and "remand[ed] their damages claims to" this Court. *OOIDA*, 879 F.3d at 345. The Circuit did not limit Mowrer and Weaver's standing to seek damages to FCRA, or otherwise preclude them from seeking damages under the Privacy Act. *See* Pls.' Reply at 3 ("Nothing about the Court of Appeals'[s] decision restricted its remand to the Plaintiffs' statutory FCRA claims."). Further, as the defendants acknowledge, the Privacy Act damages claim "essentially recast[s] the factual allegations and legal contentions in the prior pleading regarding that statute," Defs.' Opp'n at 4,

---

[3] The plaintiffs also argue that the D.C. Circuit's statement that "any risk of future disclosure has been virtually eliminated by the [DOT's] adoption of an interpretive rule in June 2014, which . . . prohibits certain favorably adjudicated citations from being disseminated," *OOIDA*, 879 F.3d at 346, is incorrect, Pls.' Reply at 5 n.1 ("The 2014 Interpretive Rule does not preclude these future violations."), and that OOIDA maintains a representational interest in "protecting against such unlawful acts," *id.* Regardless of whether OOIDA is correct about the interpretive rule's effect, this Court is bound by the D.C. Circuit's opinion and mandate.

and they are therefore not "undu[ly] prejudice[d]," *Foman*, 371 U.S. at 182, by the plaintiffs' pursuit of damages under the Privacy Act. The plaintiffs' claim for damages under the Privacy Act relies on the same underlying facts, that is, the "dissemination of inaccurate personal information," Pls.' Reply at 3, as their claim for damages under FCRA, so Rule 15 commands that they be permitted to amend their complaint to add the Privacy Act claim for damages, *see Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

## III. CONCLUSION AND ORDER

For the foregoing reasons, upon consideration of the plaintiffs OOIDA, Klint Mowrer, and Fred Weaver's Motion for Leave to File an Amended Complaint, ECF No. 84, the related legal memoranda in support of and opposition to this motion, and the entire record herein, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File an Amended Complaint is DENIED without prejudice; and it is further

**ORDERED** that (1) the plaintiffs shall, by July 6, 2018, file any renewed motion to amend the complaint, consistent with the D.C. Circuit's mandate in this case; (2) the defendants shall, by July 20, 2018, file any response to a renewed motion to amend the complaint; and (3) the plaintiffs shall, by July 27, 2018, file any reply to the defendants' response.

Date: June 22, 2018

_____
BERYL A. HOWELL
Chief Judge