# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KLINT MOWRER AND FRED WEAVER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | Civil Action No. 12-1158 (BAH)<br><br>Consolidated with:<br>Civil Action No. 14-548 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

On remand, the two remaining plaintiffs in this case, commercial truck drivers Klint Mowrer and Fred Weaver, seek leave to file an amended complaint against the defendants United States Department of Transportation ("DOT"), Elaine Chao, in her official capacity as Secretary of the DOT ("Secretary"), the Federal Motor Carrier Safety Administration ("FMCSA"), and Raymond P. Martinez, in his official capacity as Administrator of the FMCSA (collectively, "DOT" or "defendants"). Pls.' Mot. Amend Compl. ("Pls.' Mot"), ECF No. 89; *see* Pls.' Prop. Second Amend. Compl. ("Prop. SAC"), ECF No. 91-1.[1] The proposed amended complaint would simplify the complaint by eliminating dismissed parties, including Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), an organization representing professional truck drivers and small business trucking companies, and several individual members, *see OOIDA v. U.S. Dep't of Transp.*, 879 F.3d 339, 340 (D.C. Cir. 2018) (affirming

---

[1] During the pendency of this lawsuit, Elaine Chao succeeded Anthony Foxx as the DOT's Secretary and Raymond Martinez succeeded Anne S. Ferro as the FMCSA's Administrator. Thus, Ms. Chao is automatically substituted in place of Mr. Foxx and Mr. Martinez is automatically substituted in place of Ms. Ferro as named parties to this action. *See* FED. R. CIV. P. 25(d).

1

dismissal of certain plaintiffs and reversing in part to hold that Mowrer and Weaver had "standing to seek damages"), and add to their existing claim for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, a claim for damages under the Privacy Act, 5 U.S.C. § 552a, *see* Prop. SAC ¶¶ 111–40 (Count I Privacy Act claim), ¶¶ 141–56 (Count II FCRA claim).[2] For the reasons below, the plaintiffs' motion for leave to amend the complaint is denied, without prejudice to seek leave to file, in accordance with this Memorandum Opinion and Order and the D.C. Circuit's mandate, an amended pleading limited to plaintiffs Mowrer and Weaver's claim for damages under the FCRA.

## I. LEGAL STANDARD

"Leave to amend a complaint under Rule 15(a) 'shall be freely given when justice so requires.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting FED. R. CIV. P. 15(a)); *see also Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014). Nevertheless, such leave may be denied for various reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he grant or denial of leave to amend is committed to a district court's discretion," *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (quoting *Firestone*, 76 F.3d at 1208), but the district court must provide reasons for the decision, *see Foman,* 371 U.S. at 182 ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it

---

[2] The plaintiffs' previous motion for leave to file an amended complaint, ECF No. 84, which proposed continuing to name OOIDA as a party and to seek injunctive relief, *see* Pls.' Prop. SAC, ECF No. 84-1, was denied for running afoul of the mandate rule, *OOIDA v. U.S. Dep't of Transp.*, 316 F. Supp. 3d 201 (D.D.C. 2018). As this Court explained, the D.C. "Circuit remanded this case only 'with respect to two drivers [Mowrer and Weaver] whose information was released to prospective employers because dissemination of inaccurate driver-safety data inflicts an injury sufficiently concrete to confer standing to seek damages.'" *Id.* at 205 (quoting *OOIDA v. U.S. Dep't of Transp.*, 879 F.3d at 340).

is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1129 (D.C. Cir. 2015) (finding "error in the district court's complete failure to provide reasons for refusing to grant leave to amend." (quoting *Firestone*, 76 F.3d at 1209)).

## II. DISCUSSION

The defendants have no objection to amending the complaint to remove those plaintiffs whose dismissal has been affirmed by the D.C. Circuit, *see generally* Defs.' Opp'n Pls.' Mot. ("Defs.' Opp'n"), ECF No. 90, but oppose the addition of a Privacy Act claim on grounds of dilatoriness and futility, *id*. at 2. Specifically, the defendants argue that the plaintiffs have known about potential Privacy Act claims since the initiation of this litigation over six years ago and, in fact, "asserted Privacy Act claims in 2012, and then affirmatively eliminated those claims in 2014," effectively waiving them. Defs.' Opp'n at 2.[3] The plaintiffs counter that the D.C. Circuit "left open the possibility that Plaintiffs' Article III injuries could provide the basis for statutory claims beyond the [FCRA]." Pls.' Reply Supp. Pls.' Mot ("Pls.' Reply") at 3, ECF No. 91.[4] The Court agrees with the defendants that the proposed Privacy Act claims may not now be added to the complaint.

---

[3] The defendants also opposed the plaintiffs' proposed SAC for two other reasons. First, they contend that the attempt to add a Privacy Act claim is futile, "because Plaintiffs fail to plead actual damages with adequate specificity." Defs.' Opp'n at 2. This argument is not addressed, as the plaintiffs' motion is denied on other grounds. Second, the defendants oppose the inclusion of a claim for injunctive relief under the Privacy Act. Defs.' Opp'n at 4–6. The plaintiffs conceded this point and submitted, with their reply, a revised proposed second amended complaint, which eliminates the paragraph seeking injunctive relief. Pls.' Reply Supp. Pls.' Mot. at 2, ECF No. 91 ("Plaintiffs agree and submit that the sole allegation requesting injunctive relief was included . . . in error.").

[4] In the same vein, the plaintiffs assert that "this Court has already weighed in on whether Plaintiffs can raise a Privacy Act claim . . . [by] not[ing] that the Court of Appeals did not 'preclude [Plaintiffs] from seeking damages under the Privacy Act." Pls.' Reply at 3 (citing *OOIDA v. U.S. Dep't of Transp.*, 316 F. Supp. 3d at 206 (third alteration in original). To the extent that the plaintiffs appear to contend that the addition of a Privacy Act claim has already been approved, they are incorrect. Instead, this Court merely indicated that the D.C. Circuit's mandate did not bar addition of Privacy Act claims. *OOIDA v. U.S. Dep't of Transp.*, 316 F. Supp. 3d at 206 at 6 ("The defendants push their argument too far, however, by suggesting that the plaintiffs are similarly barred by the mandate rule from pursuing damages under the Privacy Act.").

As noted, the plaintiffs alleged, in their 2012 complaint, that the defendants had violated the Privacy Act through their "intentional or willful disclosures and dissemination of false, inaccurate and misleading records maintained by Defendants," Compl. ¶ 187 (Count VI), ECF No. 1, while also alleging a violation of the FCRA predicated, in part, on the allegation that "FMCSA acted willfully and negligently when it disseminated false, inaccurate, imprecise, incomplete and misleading consumer reports to third parties," *id.* ¶ 172 (Count V). Their 2014 First Amended Complaint dropped the Privacy Act claim, while continuing to allege that the defendants violated the FCRA predicated on the identical allegation initially asserted regarding the FMCSA's action. First Amend. Compl. ("FAC") ¶ 192 (Count V), ECF No. 35. The proposed SAC alleges that the defendants violated the FCRA "when they disseminated false, inaccurate, imprecise, incomplete and misleading consumer reports to third parties," Prop. SAC ¶ 155 (Count II), and that they violated the Privacy Act "when they disseminated false, inaccurate, imprecise, incomplete and misleading data to third parties," *id.* ¶ 132 (Count I).

As the evolution of the plaintiffs' claims makes clear, the plaintiffs originally included a Privacy Act damages claim against the defendants, but as part of the consolidation of the actions, in 2014, successfully sought leave to file a consolidated amended complaint that eliminated the Privacy Act claim. *See* Pls.' Mot. to Amend/Correct Compl., ECF No. 33; Pls.' Mot to Consolidate Cases, ECF No. 34; Minute Orders (Apr. 29, 2014) (granting the motions). Over the next four years, extensive litigation ensued, including: the defendants' motion to dismiss the amended complaint, ECF No. 37, which motion was denied, *OOIDA v. Foxx*, No. CV 12-1158, 2015 WL 13651262 (D.D.C. Mar. 10, 2015); the defendants' answer to the FAC, ECF No. 48; the filing of the list of contents of the Administrative Record, ECF No. 49; the defendants' motion for summary judgment, ECF No. 60, and the plaintiffs' cross-motion for summary

4

judgment, ECF No. 64, which, following the filing of the joint appendix, ECF No. 75, were resolved by the dismissal of the plaintiffs' claims, *OOIDA v. U.S. Dep't of Transp.*, 211 F. Supp. 3d 252 (D.D.C. 2016); and remand by the D.C. Circuit, *OOIDA v. U.S. Dep't of Transp.*, 879 F.3d 339. Now, four years after the plaintiffs voluntarily dropped their Privacy Act claim in their FAC, the plaintiffs seek leave to revive it.

Undue delay in adding claims "is a sufficient reason for denying leave to amend." *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). The D.C. Circuit has not articulated a bright line rule for what constitutes "undue delay" such that leave to amend may be denied, but cases from this Circuit leave no doubt that the instant plaintiffs have waited too long. For example, undue delay has been found when plaintiffs have sought to add claims four or five years after litigation commenced, particularly after the parties had engaged in motion practice. *See, e.g.*, *Knight*, 808 F.3d at 860 ("The motion to amend arrived four years after litigation began, one year after summary judgment motions were decided, eight months after filing an amended answer and only days before trial. That is the very picture of undue delay."); *Elkins v. Dist. of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012) (finding undue delay when the motion to amend was filed "five years after the initial complaint and after discovery had closed"); *Knight*, 808 F.3d at 860 (finding undue delay when motion to amend was filed "seven years after litigation began, when discovery had closed and the court had decided summary judgment motions" (citing *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987))); *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977) (finding undue delay when "complaint had been before the district court, [the D.C. Circuit,] and the Supreme Court for over thirty-eight months," the plaintiffs "gave no indication . . . of any potential change in their theory of the case," and the record reflected "no sound reason for the [plaintiffs'] failure to

5

seek amendment earlier"). The plaintiffs here "had no reason to wait years before" resurrecting their Privacy Act damages claim, *Knight*, 808 F.3d at 860, and the mere fact that they are not barred from doing so by the D.C. Circuit's mandate does not excuse their delay.

Moreover, the elimination in 2014 in the plaintiffs' FAC of the Privacy Act claim, *compare* Compl. ¶ 190, *with* FAC *generally*, "operated as a voluntary dismissal of th[at] claim[]," *Halldorson v. Sandi Grp.*, 934 F. Supp. 2d 147, 156 (D.D.C. 2013). *Accord Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled."). The plaintiffs' decision not to include their Privacy Act damages claim in their FAC, even though the FAC mentions the Privacy Act no fewer than thirteen times, amounts to "the intentional relinquishment or abandonment of a known right." *United States v. Brice*, 748 F.3d 1288, 1293 (D.C. Cir. 2014) (Williams, J., concurring) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). In response to this waiver argument, the plaintiffs in their reply argue only that their Privacy Act claim is not barred by the mandate rule and that it does not prejudice the defendants. Pls.' Reply at 3. Their failure directly to rebut the waiver argument is telling, and the plaintiffs are therefore not permitted to resurrect their Privacy Act damages claim now.[5] As the defendants correctly point out, "[h]aving adopted th[eir] litigation strategy, Plaintiffs should not be permitted to reassert the Privacy Act claims years later." Defs.' Opp'n at 7.

### III. CONCLUSION AND ORDER

---

[5] Cases such as *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (permitting post-remand amendment under Rule 15(a)), and *Galvan v. Bexar County, Tex.*, 785 F.2d 1298 (5th Cir. 1986) (same), are not to the contrary, as the plaintiffs in those cases had not previously dropped the claims, which were sought to be added on remand.

6

For the foregoing reasons, upon consideration of the plaintiffs Klint Mowrer and Fred Weaver's Motion for Leave to File an Amended Complaint, ECF No. 89, the related legal memoranda in support of and opposition to this motion, and the entire record herein, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File an Amended Complaint is DENIED without prejudice; and it is further

**ORDERED** that the plaintiffs shall, by September 24, 2018, file any renewed motion to amend the complaint, consistent with this Memorandum Opinion and Order and the D.C. Circuit's mandate in this case.

Date: September 10, 2018

_____
BERYL A. HOWELL
Chief Judge